FILED
JUN 2 9 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
JUNE 29, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL K. RITCHIE, | ) | 06CV3530 |
| | ) | |
| Plaintiff, | ) | JUDGE PALLMEYER |
| | ) | MAGISTRATE ASHMAN |
| v. | ) | |
| | ) | |
| BURLINGTON NORTHERN SANTA FE | ) | TRIAL BY JURY DEMANDED |
| RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL K. RITCHIE, by and through his attorneys, RICHARD A. HAYDU and HOEY & FARINA, and for his Complaint against the Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. §51, *et seq.*

3. At all pertinent times, Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, was and is a foreign corporation authorized to do business and doing business in the State of Illinois.

4. At all pertinent times, Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, operated a railroad system as a common carrier of freight in and through the various states.

5. On and before September 9, 2004, Plaintiff, MICHAEL K. RITCHIE, was an employee of Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY.

6. On September 9, 2004, Plaintiff, MICHAEL K. RITCHIE, was on duty in the course of his employment by Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, and was working as an engineer on a train crew at or near Streator, Illinois.

7. At all pertinent times, Plaintiff, MICHAEL K. RITCHIE, was performing work for Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

8. Defendant transported Plaintiff in a motor vehicle to a train which had been stopped at or near a bridge in or near Streator, Illinois. The train had been stopped at said location by Defendant's employees.

9. Normally trains which are stopped in this area stop on Main Number 2, which has walkways by the tracks large enough to have a right-of-way for driving vehicles. This train was stopped on Main Number 1, which was, in part, located over a bridge without a walkway.

10. Prior to operating said train, the train was required to be inspected and handbrakes, which had been previously set by the prior train crew, had to be released.

11. After releasing handbrakes on two cars of a train, Plaintiff got off said train using proper three-point protection.

12. As he was stepping back from the train, Plaintiff fell to the ground as the train was situated over a railroad bridge without a sufficient walkway or guardrails.

13. The railroad bridge was owned, operated, maintained and managed by the Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY.

2

14. It was the continuing duty of Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, as employer, at the time and place in question, to use ordinary care in furnishing Plaintiff with a safe place to work.

15. In violation of its duty under the Federal Employers' Liability Act, Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, negligently and carelessly failed to provide Plaintiff with a safe place to work by committing the following negligent acts or omissions:

    a. Negligently and carelessly failed to provide warning that said train was stopped on a bridge;

    b. Negligently and carelessly failed to properly provide its bridges with sufficient walkways, guardrails or other proper equipment for employees to use if required to dismount from trains on or about said bridge;

    c. Negligently allowed trains to stop on said bridge on Main Number 1;

    d. Stopped a train on a bridge where there were no sufficient walkways, warnings or safeguards to keep employees from falling off said bridge when walking on or about said trains; and

    e. Failed to properly illuminate said area.

16. Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY's violation of the Federal Employers' Liability Act caused Plaintiff's injury in whole or in part.

17. As a direct and proximate result of the foregoing, Plaintiff incurred injuries which will cause him pain and suffering and will cause him to lose earnings.

WHEREFORE, the Plaintiff, MICHAEL K. RITCHIE, demands judgment in his favor and against the Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, in the amount of $3,000,000.00, plus costs of this suit.

Respectfully submitted,

_____
Attorney for Plaintiff

Richard A. Haydu
HOEY & FARINA
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212